### CARMAN MFG. CO. v. POE, Collector of Internal Revenue.

#### No. 8326.

District Court, W. D. Washington, S. D.
April 19, 1934.

Burkey & Burkey, of Tacoma, Wash., for plaintiff.

Anthony Savage, U. S. Atty., of Seattle, Wash., Joseph A. Mallery, formerly Asst. U. S. Atty., of Tacoma, Wash., and De Witt C. Rowland, Asst. U. S. Atty., and John R. Wheeler, Sp. Rep., General Counsel, Bureau of Internal Revenue, both of Seattle, Wash., for defendant.

CUSHMAN, District Judge (after stating the facts as above).

The pertinent parts of the law under which the taxes in question were collected (Act of Feb. 26, 1926, c. 27, § 800, 44 Stat. 99, and Schedule A, Stamp Taxes, p. 101 (title 26, USCA § 901) are as follows:

"Section 901. *Tax on certain enumerated documents and instruments.* On and after March 28, 1926, there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in Schedule A of this chapter, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, by any person who makes, signs, issues, sells, removes, consigns, or ships the same, or for whose use or benefit the same are made, signed, issued, sold, removed, consigned, or shipped, the several taxes specified in such schedule.

"Schedule A—Stamp Taxes

"(1) *Bonds, debentures, certificates of indebtedness, and other corporate securities.* On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each of $100 of face value or fraction thereof, 5 cents: Provided, That every renewal of the foregoing shall be taxed as a new issue: Provided further, That when a bond conditioned for the repayment or payment of money is given in a penal sum greater than the debt secured the tax shall be based upon the amount secured.

"(2) *Issues of capital stock.* * * *

"(3) *Sales or transfers of capital stock.* On all sales, or agreements to sell, or memoranda of sales or deliveries of, or transfers of legal title to shares or certificates of stock or of profits or of interest in property or accumulations in any corporation, or to rights to subscribe for or to receive such shares or certificates, whether made upon or shown by the books of the corporation, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale, whether entitling the holder in any manner to the benefit of such stock, interest, or rights, or not, on each $100 of face value or fraction thereof, 2 cents, and where such shares are without par or face value, the tax shall be 2 cents on the transfer or sale or agreement to sell on each share: Provided, That it is not intended by this chapter to impose a tax upon an agreement evidencing a deposit of certificates as collateral security for money loaned thereon, which certificates are not actually sold, nor upon the delivery or transfer for such purpose of certificates so deposited, nor upon mere loans of stock nor upon the return of stock so loaned: Provided, further, That the tax shall not be imposed upon deliveries or transfers to a broker for sale, nor upon deliveries or transfers by a broker to a customer for whom and upon whose order he has purchased same, but such deliveries or transfers shall be accompanied by a certificate setting forth the facts: Provided further, That in case of sale where the evidence of transfer is shown only by the books of the corporation the stamp shall be placed upon such books; and where the change of ownership is by transfer of the certificate the stamp shall be placed upon the certificate; and in cases of an agreement to sell or where the

transfer is by delivery of the certificate assigned in blank there shall be made and delivered by the seller to the buyer a bill or memorandum of such sale, to which the stamp shall be affixed; and every bill or memorandum of sale or agreement to sell before mentioned shall show the date thereof, the name of the seller, the amount of the sale, and the matter or thing to which it refers. Any person liable to pay the tax as herein provided, or any one who acts in the matter as agent or broker for such person, who makes any such sale, or who in pursuance of any such sale delivers any certificate or evidence of the sale of any stock, interest or right, or ·bill or memorandum thereof, as herein required, without having the proper stamps affixed thereto with intent to evade the foregoing provisions, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall pay a fine of not exceeding $1,000, or be imprisoned not more than six months, or both."

Under the foregoing provisions of the statute, the agreements and transactions described in the complaint, the plaintiff was liable for the $200 tax paid on account of the sale and transfer to the Furniture Corporation of America, Limited, of the 10,000 shares of plaintiff's stock, and it was also liable for the $164.22 tax collected on account of the option of the bankers to purchase one-third of the shares of the Furniture Corporation of America, Limited.

When the contemplated merger failed and the certificates of stock in the plaintiff company were returned to the stockholders of plaintiff company and the stock certificates of the Furniture Corporation of America, Limited, were returned to it, there is nothing in the foregoing law authorizing the levying or the collecting of a tax on account of such return of stock.

The statute plainly contemplates, by Schedule A (2), the payment of a stamp tax on the original issue of stock, and, by subsection (3) it is plainly shown that a tax is also to be levied and collected on account of sales or transfers of capital stock as ordinarily understood, including agreements undertaking to give the right to subscribe for or receive shares or certificates, whether entitling the holder in any manner to the benefits of such stock or not. But, as ordinarily understood, the words "sales or transfer" of capital stock do not contemplate the return or surrender to the seller of such stock or certificates of stock upon the failure to consummate a sale or merger such as that disclosed by the complaint and the evidence in this case.

In Provost v. United States, 269 U. S. 443–456, 46 S. Ct. 152, 70 L. Ed. 352, it was held that the "lending," "borrowing," and "return" of "borrowed" stock involved transfers of legal title to shares of stock, that they were actually sales, and that both the "loan" and "return" were subject to tax.

Findings of fact, conclusions of law, and judgment will be submitted in accordance with the foregoing; the same to be settled upon on notice.

The clerk will notify the attorneys for the parties of the filing of this decision.